# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR165 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| DOUGLAS D. PATTANGALL, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to dismiss filed by defendant Douglas D. Pattangall (Pattangall) (Filing No. 16). Pattangall is charged in the Indictment with knowingly failing to register as a sex offender in the State of Nebraska as required by the Sex Offender Registration and Notification Act (SORNA) (Count I) in violation of 18 U.S.C. § 2250(a). Pattangall moves to dismiss the Indictment because: (1) Congress lacked the authority to enact SORNA under the Commerce Clause; (2) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for the implementation of SORNA; (3) the Attorney General's determination of the scope of SORNA's retrospective reach violated the Administrative Procedures Act; (4) 18 U.S.C. § 2250 violated the ex post facto clause of the United States Constitution; (5) the Indictment violates Pattangall's rights under the Due Process Clause; and (6) SORNA impermissively encroaches upon state power under the Tenth Amendment.

The court held an evidentiary hearing on the motion on June 4, 2009. Pattangall was present with his counsel, Assistant Federal Public Defender Julie B. Hansen. The United States was represented by Assistant U.S. Attorney Michael P. Norris. The court received in evidence Exhibit 1, a draft affidavit, which the parties stipulated would be the testimony of Deputy U.S. Marshal Bill Bitting (DUSM Bitting) should he be called as a witness. The court further took judicial notice of the Indictment (Filing No. 1) and the Pretrial Services report (PTSR) on Pattangall (Filing No. 15 - Sealed). The parties were permitted to file post-hearing briefs. A transcript (TR.) was filed on June 8, 2009 (Filing No. 23). The government filed a post-hearing brief on June 11, 2009 (Filing No. 24).

Pattangall had until June 18, 2009, in which to submit a brief but declined to do so. The matter was deemed submitted on June 19, 2009.

## THE INDICTMENT
### COUNT I

From on or about March 2009 and continuing until at least April 2009, in the District of Nebraska, DOUGLAS D. PATTANGALL, having previously been convicted in the State of Massachusetts of an offense requiring him to register as a sex offender, to-wit: Indecent Assault and Battery, and after living in the State of Kentucky, a state requiring him to register as a sex offender for the remainder of his life, DOUGLAS D. PATTANGALL traveled in interstate commerce from Kentucky to Nebraska, and knowingly failed to register as a sex offender in the State of Nebraska, where he resided, as required by the Sex Offender Registration and Notification Act.
In violation of Title 18, United States Code, Section 2250(a).

## STIPULATION

From DUSM Bitting's affidavit and Pattangall's PTSR, the pertinent history of this case follows. Pattangall is forty-six years of age and resides at 16408 Highway 75 South, Bellevue, Nebraska. In 1988, Pattangall was convicted in Brockton, Massachusetts, of Indecent Assault & Battery with a Minor, a felony requiring life time registration as a sex offender under Massachusetts law. In 1993, Pattangall was convicted in Falls City, Nebraska, of Sexual Assault of a Child, a felony, and was sentenced to a prison term of zero to five years. He was released from prison in 1995. In 1999 in Brockton, Massachusetts, Pattangall was convicted of Indecent Contact with a Minor, a felony, and sentenced to four years in prison. He appealed his conviction and was retried and acquitted in 2002. Pattangall moved to Oklahoma for a short time before he was arrested and extradited to Kentucky for failure to pay child support for which he was placed on probation. Kentucky required him to register as a sex offender and notified Pattangall if he moved to another state, he was required to notify that state of his sex offender status. Pattangall moved to Nebraska in 2003. Pattangall was again extradited to Kentucky in 2009 for non-support and was released in March 2009. In March 2009, Pattangall traveled

back to Nebraska.  Pattangall has not registered as a sex offender in the State of Nebraska.

## LEGAL ANALYSIS

Title I of the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act), P.L. 109-248 (2006), encompasses SORNA, 42 U.S.C. § 16913.  The Adam Walsh Act, including SORNA, was approved by the President on July 27, 2006.  SORNA created a new federal offense, 18 U.S.C. § 2250, of failing to register as a sex offender, known as a Federal Failure to Register (FFR).

42 U.S.C. § 16913 provides:

> § 16913. Registry requirements for sex offenders
> (a) In general --
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.  For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration --
> The sex offender shall initially register--
> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current --
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.  That jurisdiction shall immediately

provide that information to all other jurisdictions in which the offender is required to register.

(d)     Initial registration of sex offenders unable to comply with subsection (b) of this section --
The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e)     State penalty for failure to comply --
Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

18 U.S.C. § 2250 provides:

§ 2250. Failure to register

(a)     In general. --Whoever--
        (1)     is required to register under the Sex Offender Registration and Notification Act;
        (2)(A)  is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
            (B)     travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
        (3)     knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

Nebraska's Sex Offender Registration Act, Neb. Rev. Stat. § 29-4011, et seq., required Pattangall to register and update his registration through NSPSOR.

The Attorney General did not exercise his authority under 42 U.S.C. § 16913(d) until February 28, 2007, when he issued an interim rule stating that it is "indisputably clear that SORNA applies to sex offenders (as the Act defines that term) regardless of when they were convicted." 72 FR 8894, 8896.

### 1. Commerce Clause

Pattangall asserts Congress lacked the authority under the Commerce Clause to enact SORNA citing **United States v. Lopez**, 514 U.S. 549 (1995) and its progeny. However, the Eighth Circuit has found SORNA to be a valid exercise of Congress' powers under the Commerce Clause by finding "SORNA derives its authority from each prong of **Lopez** – and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'" **United States v. May,** 535 F.3d 912, 921 (8th Cir. 2008); **see also United States v. Hacker**, 565 F.3d 522 (8th Cir. 2009); **United States v. Howell**, 552 F.3d 709 (8th Cir. 2009). The Indictment against Pattangall clearly alleges an interstate commerce nexus and survives scrutiny of Congress' powers under the Commerce Clause. Accordingly, Pattangall's claim of an unconstitutional exercise of power is without merit.

### 2. Impermissible Delegation of Authority

Pattangall argues Congress unconstitutionally abdicated its authority to enact legislation by delegating to the Attorney General the power to specify SORNA's applicability to sex offenders convicted prior to July 27, 2006. As in **May**, Pattangall lacks standing to raise such a challenge as Pattangall was not a person unable to register before SORNA's enactment and Section 16913(d)'s authorization for the Attorney General to promulgate specified regulations. **May**, 535 F.3d at 921; **see also Hacker**, 565 F.3d at 527-28.

### 3. Noncompliance with the Administrative Procedures Act

Pattangall asserts the Attorney General implemented the interim rule without following the comment and notice requirements of the Administrative Procedures Act. As in *Hacker*, Pattangall lacks standing to challenge the interim rule. *Hacker*, 565 F.3d at 528; **see also** *May*, 535 F. 3d at 920-21.

### 4. Ex Post Facto

Pattangall asserts prosecution of him under the Indictment violates the ex post facto clause of the U.S. Constitution.[1] Pattangall's argument is misplaced as Pattangall is not charged with violating SORNA by being a sex offender, an offense which occurred prior to the enactment of SORNA. He is charged as a sex offender who traveled in interstate commerce and then failed to register as a sex offender after the enactment of SORNA. Furthermore, the Eighth Circuit has found that the enactment of SORNA was not an ex post facto violation. As in *May*, prosecution of Pattangall under the Indictment is not retrospective, thus not a violation of the ex post facto clause. *May*, 535 F.3d at 920; **see also** *United States v. Hinckley*, 550 F.3d 926, 936 (10th Cir. 2008).

### 5. Due Process Violation

Pattangall argues prosecution of him under the Indictment would violate his rights under the Due Process Clause of the Fifth Amendment as such a prosecution would fail to provide Pattangall adequate notice and fair warning of criminal conduct citing *Lambert v. California*, 355 U.S. 225 (1958). The Lambert defense is unavailable where a defendant's claimed lack of awareness of a prohibition is objectively unreasonable. *United States v. Hutzell*, 217 F.3d, 966, 968 (8th Cir. 2000). Sex offender registration is not a new phenomenon. Pattangall was well aware of the registration requirement having been advised by Kentucky authorities prior to moving to Nebraska. **See** *United States v. Baccam*, 562 F.3d 1197, 1199 (8th Cir. 2009).

---

[1] Article 1, § 9, cl. 3, United States Constitution.

## 6. Tenth Amendment Violation

Pattangall asserts SORNA violates the Tenth Amendment by impermissibly encroaching on powers reserved to the states. However, SORNA is a constitutional exercise of Congress' spending power under Article I, Section 8. In any event, Pattangall has no standing to assert a Tenth Amendment violation. As the Eighth Circuit stated in *Hacker*:

> We now join the majority of circuits and hold that a private party does not have standing to assert that the federal government is encroaching on state sovereignty in violation of the Tenth Amendment absent the involvement of a state or its instrumentalities.

565 F.3d at 526. Pattangal's claim is without merit.

## 7. Effect of State's Failure To Implement SORNA

During the hearing, an issue arose as to the effect of a state's failure to implement or update its registration in accordance with SORNA. Apparently, no state has fully complied with SORNA's requirements. However, a state's failure to update its sex registration system in accordance with SORNA does not alter a sex offender's duty to register under existing state law. In *United States v. Shenandoah*, the District court explained:

> While SORNA imposes additional requirements upon states to improve their registry systems, these obligations are separate and distinct from those imposed upon sex offenders. **See** 42 U.S.C. §§ 16913 (listing registry requirements for sex offenders), 16912 (listing registry requirements for states); **see also *Fuller***, 2008 WL 2437869, at *2-3. A state's failure to update its registration system to conform with SORNA does not alter a sex offender's independent duty to register all information that is required by then-existing state law.

572 F. Supp. 2d 566, 578-79 (M.D. Pa. 2008); **see also *United States v. Voice***, ___ F. Supp. 2d ____, 2009 WL 1043915 (D. S.D. Apr. 17, 2009).

## CONCLUSION

Pattangall's motion to dismiss the Indictment should be denied.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

Pattangall's motion to dismiss (Filing No. 16) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 22nd day of July, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge