# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR165 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DOUGLAS D. PATTANGALL, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 25) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to dismiss (Filing No. 16) filed by the Defendant, Douglas D. Pattangall, be denied. Pattangall filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 26, 27) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Pattangall is charged in a one-count Indictment with failing to register as a sex offender in Nebraska as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). (Filing No. 1.) Pattangall seeks dismissal of the Indictment, arguing the following in his motion: 1) Congress lacked authority under the Commerce Clause to enact SORNA; 2) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for implementing SORNA; 3) the Attorney General's determination of the scope of SORNA's retrospective reach violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 553; 4) § 2250 violates the Ex Post Facto clause of the United States Constitution; 5) the Indictment violates his due process rights; and 6) SORNA impermissibly encroaches upon state power under the Tenth Amendment.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation. (Filing No. 25.) Judge Thalken concluded: Pattangall's Commerce Clause challenge is without merit; Pattangall lacks standing to raise the question of the delegation of authority to the Attorney General; Pattangall lacks standing to challenge the Attorney General's implementation of the interim rule; Pattangall's prosecution was not retrospective and did not violate the Ex Post Facto Clause; Pattangall's due process rights were not violated; SORNA does not violate the Tenth Amendment; and a state's failure to update its sex offender registration system under SORNA does not alter a sex offender's duty to register under existing state law. Judge Thalken therefore recommends that the motion to dismiss be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a summary of the essential facts, which include the allegations in the Indictment and the parties' stipulated facts. (Filing No. 25, at 1-2.) The Court also carefully viewed the evidence. (Filing No. 20.) Pattangall does not object to Judge Thalken's statement of the facts, and the Court adopts Judge Thalken's factual findings.

## FACTUAL BACKGROUND

The Indictment alleges:

>From on or about March 2009 and continuing until at least April 2009, in the District of Nebraska, DOUGLAS D. PATTANGALL, having previously been convicted in the State of Massachusetts of an offense requiring him to register as a sex offender, to-wit: Indecent Assault and Battery, and after living in the State of Kentucky, a state requiring him to register as a sex offender for the remainder of his life, DOUGLAS D. PATTANGALL traveled in interstate commerce from Kentucky to Nebraska, and knowingly failed to register as a sex offender in the State of Nebraska, where he resided, as required by the Sex Offender Registration and Notification Act.
>
>In violation of Title 18, United States Code, Section 2250(a).

(Filing No. 1.)

The parties submitted a draft affidavit, which the parties stipulated would be the testimony of Deputy U.S. Marshal Bill Bitting if he were called as a witness. Judge Thalken also took judicial notice of Pattangall's prior criminal record as set out in the U.S. Pretrial Services Report (Filing No. 15, § 4) and the Indictment (Filing No. 1).

The pertinent facts are that in 1988, Pattangall was convicted in Massachusetts of felony indecent assault & battery of a minor, requiring lifetime sex offender registration. In 1993, he was convicted in Nebraska of sexual assault of a child, a felony. Pattangall moved to Oklahoma, and upon being arrested for failure to pay child support he was extradited to Kentucky, which required him to register as a sex offender there and in any state to which he might move. In 2003, he moved to Nebraska. He was again extradited to Kentucky for failure to pay child support. Upon his release in March 2009, he moved to Nebraska.

**ANALYSIS**

Pattangall objects to the Report and Recommendation, arguing that SORNA violates: 1) the Commerce Clause; 2) the nondelegation doctrine; 3) the APA, 5 U.S.C. § 553; 4) the Ex Post Facto Clause; 5) his due process rights; and 6) the Tenth Amendment. (Filing No. 27.) Pattangall filed a supporting brief. (Filing No. 27.) It should be noted that defense counsel acknowledges the following Eighth Circuit decisions and filed the motion to preserve the issues raised for appeal: *United States v. May,* 535 F.3d 912 (8th Cir. 2008), *cert. denied,* 129 S. Ct. 2431 (2009); *United States v. Howell,* 552 F.3d 709 (8th Cir.), *cert. denied,* 129 S. Ct. 2812 (2009); and *United States v. Hacker,* 565 F.3d 522 (8th Cir. 2009). The arguments are briefly discussed below.

*Commerce Clause*

Defense counsel candidly acknowledges the Eighth Circuit decisions determining that SORNA does not violate the Commerce Clause and states that the objection is filed to preserve the issue for *en banc* and Supreme Court review (Filing No. 27, at 3). The objection is noted and denied. *Hacker,* 565 F.3d at 525; *Howell,* 552 F.3d at 713; *May,* 535 F.3d at 922.

*Nondelegation Doctrine*

As Judge Thalken concluded, Pattangall lacks standing to raise a challenge to the Attorney General's authority delegated by Congress to apply SORNA to persons convicted before July 27, 2006, because Pattangall was able to register before SORNA's enactment. The objection is noted and denied. Hacker, *565 F.3d at 527-28;* May, *535 F.3d at 921.*

*APA*

4

As Judge Thalken concluded, Pattangall lacks standing to challenge the interim rule. *United States v. Hacker,* 565 F.3d at 528.

*Ex Post Facto Clause*

As Judge Thalken concluded, Pattangall traveled in interstate commerce and failed to register as a sex offender after SORNA's enactment, although his underlying conviction predated SORNA. Therefore, Judge Thalken concluded that SORNA does not violate the Ex Post Facto Clause as applied to Pattangall. The objection is denied. *May,* 535 F.3d at 920.

*Due Process Clause*

Pattangall argues that the notice and fair warning requirements of the Due Process Clause are violated in his case because the evidence does not show that Pattangall knew about SORNA's passage. Pattangall relies in part on *United States v. Aldrich,* 2008 WL 42783, at 5 (D. Neb. Feb. 14, 2008) (C.J. Joseph F. Bataillon) which in turn relies in part on *United States v. Ficke,* 58 F. Supp. 2d 1071 (D. Neb. 1999). *Ficke,* which involved a prosecution for possessing a firearm after the defendant had been convicted of a state misdemeanor domestic assault, is distinguishable. In deciding *Ficke* under facts particular to that case, Judge Bataillon reasoned:

> The defendant here would have no way of knowing that mere possession of hunting firearms had become felonious conduct two years after his misdemeanor conviction unless he spent considerable time in law libraries keeping track of amendments to federal firearms statutes, a highly unlikely scenario considering the defendant's educational background, or he otherwise received notice of the section's enactment and its application to his situation.

*Id.* at 1074-75.

In contrast to *Ficke,* Pattangall had reason to know that registration as a sex offender in Nebraska even prior to SORNA's enactment was required in light of Kentucky's requirement that he register in any state. The objection is denied. *May,* 535 F.3d at 921.

*Tenth Amendment*

Pattangall argues that SORNA violates the Tenth Amendment. However, Pattangall presents no direct authority to support his argument. As Judge Thalken stated, under *Hacker* Pattangall lacks standing to assert a Tenth Amendment claim as a private party devoid of state involvement. The objection is denied. *Hacker,* 565 F.3d at 526.

## CONCLUSION

For the reasons discussed, the Defendant's objections are overruled and the Report and Recommendation is adopted.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 25) is adopted in its entirety;
b. The Defendant's Objections to the Report and Recommendation (Filing No. 26) is denied;
3. The Defendant's motion to dismiss (Filing No. 16) is denied.

DATED this 11th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge